No evidence was offered, however, establishing facts with relation to first shipment (entry 3513) but plaintiff's counsel pointed out that it was purchased in the same city, from the same supplier, and by the same purchaser. The Government chemist reported that "The sample is Japanese peppermint oil dementholized. It is not U. S. P. oil of peppermint." The court stated there is nothing in paragraph 58 requiring that the peppermint oil *eo nomine* provided for therein shall conform to the United States Pharmacopoeia requirements for peppermint oil. Since there was no evidence to establish that the merchandise covered by entry 3513 is not peppermint oil, it was held that the presumption of correctness attaching to the action of the collector had not been overcome and the protest was overruled to that extent.

**No. 49533.**—Protests 101436–K, etc., of Mitchel F. Barnet (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel that the hides in question are similar to those the subject of *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807), which record was incorporated herein, the court held them dutiable as claimed.

**No. 49534.**—Protests 12361–K, etc., of C. H. Powell Co. et al. (Boston).

Opinion by WALKER, J. It was stipulated that the hides and skins are the same in all material respects as those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807), which record was incorporated herein. In accordance therewith those hides and skins in the cases at bar entered for consumption or withdrawn from warehouse subsequent to the effective date of the Argentine Trade Agreement (T. D. 50504) were held dutiable at 5 percent under paragraph 1530 (a) as modified, and those prior to such effective date were held dutiable at 10 percent under paragraph 1530 (a).

**No. 49535.**—Protests 94127–K (A), etc., of Penson & Co. et al. (New York).

Opinion by WALKER, J. It was stipulated that the hides and skins are the same in all material respects as those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807), which record was incorporated herein. In accordance therewith those hides and skins in the cases at bar entered for consumption or withdrawn from warehouse subsequent to the effective date of the Argentine Trade Agreement (T. D. 50504) were held dutiable at 5 percent under paragraph 1530 (a) as modified, and those prior to such effective date were held dutiable at 10 percent under paragraph 1530 (a).

**No. 49536.**—Protests 64065–K, etc., of C. A. Andres et al. (New York).

Opinion by WALKER, J. It was stipulated that the hides are the same in all material respects as those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807), which record was incorporated herein. In accordance therewith those hides and skins in the cases at bar entered for consumption or withdrawn from warehouse subsequent to the effective date of the Argentine Trade Agreement (T. D. 50504) were held dutiable at 5 percent under paragraph 1530 (a) as modified, and